UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTOINE H. BLALOCK,<br><br>        Defendant. | Magistrate No. 07-232 (AK) |

**DETENTION MEMORANDUM**

The Defendant, Antoine H. Blaylock, has been charged in a criminal complaint with possession and interstate transport of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held on May 25, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Anthony Allen of the Washington, D.C. Metropolitan Police Department ("MPD") testified on behalf of the government. Officer Allen testified that on May 21, 2007 at 9:45 a.m., he was stationed at the front counter of the MPD's Seventh District

Station when he heard shots fired outside of the station.  He then looked out the front entrance of the station and observed the Defendant firing a gun into the air from the middle of the street. Officer Allen ran outside of the station and told the Defendant to drop his gun, at which point the Defendant separated the magazine from the rest of the gun and threw it on the ground.  The Defendant then completely undressed and laid upon the ground, where he was placed under arrest.  On the ground around the Defendant, officers found 23 Ziplock bags of marijuana, five shell casings, and a Bersa .380 caliber handgun.  Upon his arrest, the Defendant told the Officers that he had fired the gun and thrown the bags of marijuana in order to gain recognition for his "label" (presumably his record label).  The Defendant also stated that he only had five shells and wished he had two more.  The Defendant was subsequently taken to the hospital, where he tested positive for PCP.  To the best of Officer Allen's knowledge, neither the gun nor the ammunition was manufactured in the District of Columbia.

At the close of the hearing, the Court found probable cause to believe that the Defendant had committed a violation of 21 U.S.C. § 922(g)(1).

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v.*

*Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Here, the government seeks pre-trial detention on the grounds that no condition or combination of conditions will reasonably assure the safety of the community. In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Unlawful possession of a firearm and ammunition by a convicted felon is a serious offense, especially where the firearm is discharged in the middle of a public street.

The second factor, the weight of the evidence, also favors detention. A police officer observed the Defendant firsthand firing a handgun into the air in front of the police station. The gun, along with five used shell casings, was then recovered from the ground next to the Defendant.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. According to the Pretrial Services Report, the Defendant has several prior convictions, including a felony conviction for eluding police. The Report also details how the Defendant has committed several probation violations, some of which involved the issuance of bench warrants to secure his appearance in court.

The fourth factor, the nature and seriousness of the danger to the community should the

Defendant be released, also favors detention.  Given that gun violence continues to plague the

District of Columbia at near epidemic levels, the nature and seriousness of the danger to the

community can hardly be overstated.


## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. §

3142(g), the Court finds by clear and convincing evidence that no condition or combination of

conditions can be imposed that would assure the safety of the community.  Therefore, the

government's motion for pretrial detention is granted.


Dated: June  5 , 2007                                _____/s/_____
                                                     ALAN KAY
                                                     UNITED STATES MAGISTRATE JUDGE