UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 07-00232 (TFH/JMF) |
| ANTOINE BLALOCK : | |
| Defendant. : | |
| : | |
| : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO APPEAL THE
DETENTION ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully opposes the defendant's motion to appeal the detention order and requests that the court deny the defendant's motion.

1.  Now, Mr. Blalock appeals Magistrate Judge Facciola's order to preventatively detain him pending trial, claiming that he is not a danger to the community.

2.  On May 22, 2007, the defendant was presented to the court for an initial appearance. At that time, the government requested pre-trial detention pursuant to 18 U.S.C. 3142(f)(1)(E) (firearm possession) and 18 U.S.C. 3142(f)(2)(A) (serious risk of flight). The court granted the government's application for pre-trial detention and set the case for a consolidated preliminary and detention hearing. On May 25, 2007, the defendant was presented to the court for a consolidated preliminary and detention hearing before Magistrate Judge John M. Facciola. Metropolitan Police Department Officer Anthony Allen testified, and the court determined probable cause existed for Possession of a Firearm and Ammunition by a Convicted Felon. After hearing the facts of the case and factual proffers by counsel, the court held that the

defendant was a danger to the community. Specifically, the court stated that "no condition or combination of conditions which would reasonably assure the safety of the community." *See* Detention Memorandum, p. 4.

3. The defendant's rendition of the facts presented at the preliminary hearing is fairly accurate. However, the defendant asserts no new facts or circumstances to support his claim that he is not a danger to the community. Moreover, the defendant failed to recount very important facts that would be important for this Court to consider in determining whether to grant the defendant's motion to appeal the detention order.

4. First, the defendant neglected to state that Officer Allen testified that there were civilians on foot and in vehicles in the area at the time the defendant was firing a loaded .380 caliber handgun. More specifically, a civilian witness ran into the Seventh District Police Station, yelling that the defendant was firing a gun. Second, the defendant complied with the officer's command to drop the gun as the officer pointed his gun at the defendant. So, the defendant was compliant because he was at risk of being harmed. Third, in addition to making a statement in reference to promoting his record label, the defendant stated that he only had five shell casings, and he wised he had two more.

5. The defendant claims that his behavior was erratic and that reasonable conditions of release can be established to assure the safety of the community. The defendant specifically emphasizes that he is not a danger because he is a lifetime D.C. resident, has been employed for the past 17 months, has familial support and responds well to court supervision.

6. There was nothing erratic about the defendant's decision to fire a handgun in the middle of a crowded street in front of the Seventh District Police station. In fact, it is consistent

with his past record which reflects his inability to make sound judgements in the community while under court supervision. Specifically, the defendant claims that he responds well to court supervision. The government strongly disagrees with that contention. The following chart outlines the defendant's criminal history as reported by the Pre-trial Services Agency report and the information provided by representatives from the respective probation offices.

| Conviction | Compliance Information |
|---|---|
| 2nd Degree Assault, 5/2000 | On 3/5/04, defendant's probation closed unsatisfactorily after a violation report was issued requesting a warrant. The warrant remained outstanding until the defendant was arrested and presented to the court on the violation report. |
| Eluding Police(Felony), 7/2003 | This supervision period was from 3/19/04 to 8/19/05. While the defendant was on probation in Fairfax County, he was arrested three times. Two of these arrests resulted in criminal charges being filed in D.C. Superior Court. Ultimately, the defendant pled guilty to Attempted Theft II on 6/7/05. More importantly, the defendant failed to appear, and he remained in abscondence for approximately 5 months. |
| Attempted Theft II, 6/2005 | While the defendant completed this period of probation satisfactorily, he failed to appear for a status and remained in abscondence for 4 months. This failure to appear resulted in criminal charges being filed for Misdemeanor Bail Reform Act Violation which the defendant pled guilty to on 6/7/05. |
| Bail Reform Act Violation(Misd.), 6/2005 | The defendant was on probation for this conviction as well as the Attempted Theft II. In fact, these two probation periods ran concurrent to each other. Thus, the defendant had one period of probation that closed satisfactorily, not two periods. |

Very consistently throughout his criminal history, the defendant has demonstrated that he is not amenable to court supervision even though he has familial support, lived in D.C. his entire life and maintained employment.  More notedly, the defendant stated, in open court, that he had previously completed Project Empowerment.  The government mentions this fact because, even though the defendant has received life skills training, he continues to demonstrate an inability to conform his behavior to acceptable and safe standards and make sound judgements.  Therefore, the Court should not have any confidence in the defendant's promise, through his counsel, to follow court orders and behave in a non-violent manner in the community.  In this case, his instant behavior is the best predictor of how the defendant will behave in the community.  The defendant fired a gun in the middle of a well-populated street while intoxicated on PCP.  The government submits that he is and will continue to be danger to the community.  Thus, this Court should not give the defendant another opportunity to demonstrate that he is a danger and a serious risk of flight.

WHEREFORE, the United States understands that this Court has the authority and discretion to reverse the magistrate court's detention order. The United States respectfully moves this Court to deny the defendant's motion to appeal the detention order because: (1) he failed to assert any new facts and circumstances that would warrant reconsideration and sufficiently address the issues of dangerousness to the community and serious risk of flight and (2) all the facts in the record indicate that the defendant is a danger to the community and a serious risk of flight as demonstrated by his actions, statements and criminal history.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s/
_____
ANGELA S. GEORGE
MAGISTRATE COURT AUSA
D.C. Bar 470-567
555 4TH Street, N.W., Room 4444
Washington, DC 20530
(202) 514-7315